


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HUNTER INDUSTRIES, INC., Plaintiff, vs. THE TORO COMPANY, Defendant. | Case No. SA CV 04-1087-GLT (ANx) ORDER GRANTING PLAINTIFF'S MOTION TO STAY |

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

Plaintiff's motion to stay is GRANTED.

I. BACKGROUND

Plaintiff seeks a declaratory judgment of non-infringement of several of Defendant's patents. Defendant counterclaimed, alleging Plaintiff infringed its patents, including the '499 patent. The '499 patent is presently in a reexamination proceeding before the Patent Office. Because the '499 patent is being reexamined, Plaintiff moves to stay the litigation.

35

II. DISCUSSION

Courts commonly stay patent infringement cases pending the outcome of reexamination proceedings in the Patent Office. Softview Computer

Prods. Corp. v. Haworth, Inc., 56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y. 2000). Courts have not limited stays to the patent under reexamination, but have also stayed discovery as to other patents in the case. Pacesetter, Inc. v. Cardiac Pacemakers, Inc., No. 02-1337, 2004 U.S. Dist. LEXIS 2699, at *5, *7 (D. Minn. Feb. 19, 2004). In Pacesetter, Inc., the court stated the plaintiff's proposal to proceed on patents not involved in the reexamination "almost assures duplicitous and unnecessary discovery at every juncture." Id. at *5. Because the patents involved the same products, witnesses, inventors, technology, and documents, the court concluded it would be impracticable to sever the reexamined patents from the non-reexamined patents. Id. at *7.

Here, the '499 patent is under reexamination while the '959, '248, and '050 patents are not. Moreover, the '499 patent deals with wireless rain sensors while the other patents deal with modular controllers. Nevertheless, like Pacesetter, Inc., where "duplicitous and unnecessary discovery" was likely because the patents involved the same products, witnesses, inventors, technology, and documents, here duplicative discovery is likely because the patents appear to share important similarities.

For example, a third party sued by Defendant in a related case has prior art relevant to all the patents in this case. Proceeding with discovery on the '959, '248, and '050 patents, but not the '499 patent, would likely require duplicative discovery of this third party. Discovery is also likely to involve a large number of the same documents because the Hunter products accused of infringing the '499 patent are used in conjunction with the Hunter products accused of infringing the other patents, and they are often sold together.

A stay of litigation pending reexamination proceedings is

particularly appropriate in the early stages of litigation. See ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). Here, the Court has not yet issued a scheduling order, and the parties have not yet responded to any discovery requests. Like ASCII Corp., "the parties are in the initial stages of the lawsuit and have undertaken little or no discovery." Id. At this stage, a stay is appropriate.

Defendant argues Plaintiff has not cited any case supporting a "broad stay of all claims in situations like the instant case." The Court disagrees. Pacesetter Inc.'s reasoning applies, as "duplicitous and unnecessary discovery" would likely result without a stay.

Defendant argues the Court should not stay this litigation, but adopt one of three other alternatives: (1) a phased discovery plan, (2) severance and stay of the '499 patent, or (3) dismissal of the '499 patent without prejudice.

Defendant's proposals do not guard against duplicative discovery. First, Defendant's proposals could subject relevant third parties to multiple subpoenas. Second, because the '499 and '050 patents appear to impact the same Hunter product, discovery on the '050 patent would likely involve a large number of the same devices, witnesses, and documents as the '499 patent. Third, because Defendant alleges Plaintiff willfully infringed all four patents in this case, discovery regarding willfulness could involve the same Hunter executives. Defendant's proposals could also require multiple trials between the same parties.

Relying on General Tire & Rubber Co. v. Jefferson Chemical Co., 50 F.R.D. 112, 113-15 (S.D.N.Y. 1970), Defendant contends courts prefer to sever patent claims rather than stay the litigation. General Tire &

Rubber Co. is not applicable. First, it did not involve a reexamination proceeding. Second, the court severed a declaratory judgment claim on one of the patents because it was unrelated to the other patents in the case. But here, the '499 patent and the other patents appear to share important similarities.

## III. DISPOSITION

Plaintiff's motion to stay is GRANTED.

DATED: December 1, 2004

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE